426 A.2d 128

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Johnny SCOTT.**

Superior Court of Pennsylvania.

Argued Sept. 9, 1980.

Filed Feb. 20, 1981.

Petition for Allowance of Appeal Granted March 23, 1981.

James B. Jordan, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Karl Baker, Assistant Public Defender, Philadelphia, for appellee.

Before BROSKY, WATKINS and MONTGOMERY, JJ.

WATKINS, Judge:

This is an appeal by the Commonwealth from an order of the Court of Common Pleas of Philadelphia County, Criminal Division, granting the defendant a new trial on the grounds of after-discovered evidence. The defendant had

been convicted of two counts of aggravated assault, two counts of reckless endangerment, possession of an instrument of crime and conspiracy on April 25, 1979 after a non-jury trial. He was acquitted of another charge.

On October 22, 1978, Michael Edwards, James Browne, and James Smith were in the process of walking to Browne's automobile parked nearby a building where they had attended a party. As they walked to the vehicle they were followed by four young black males who gathered around the vehicle as Browne started to drive away. The trial testimony demonstrated that at that time the defendant looked into the vehicle, pointed a revolver at Browne and began firing. Another one of the group, a Kevin Hill, fired a shotgun blast through the vehicle's front window. After the attack, the victims, wounded by shotgun pellets and broken glass, ran back to the building where they had attended the party. As they fled, firing of the weapons resumed and Edwards was struck in the leg by a bullet.

At the trial, both Edwards and Browne identified defendant as one of the perpetrators of the crimes. The defendant was wearing a dark red jacket and cap at the time of the assault. He was arrested one and one-half blocks from the site of the attack wearing a dark reddish-brown jacket and cap. One of the guests at the party, a James Lark, testified that after the incident he spoke to a young, black male dressed in a dark red jacket and cap who stated that: "My name is Johnny Scott and I killed someone. I'm the one who shot your homies". The witness further testified that by "homies" he meant "friend". Upon this evidence the defendant was convicted of the charges mentioned above.

Post verdict motions were filed by the defendant on July 18, 1979. In this motion the defendant's counsel alleged that defendant's trial counsel, Patricia Pierce, Esq., had been told by Hill's counsel, Franklin Green, Esq., that Hill had told Green that the defendant was not involved in the shotgun assault. The motion further alleged that at his trial (at which he was convicted for his part in the incident) Hill had given false testimony exculpating himself of guilt and incriminating the defendant. Defendant's counsel then re-

quested the trial court to grant Hill immunity from prosecution for perjury, thereby enabling him to testify on defendant's behalf. Defendant also requested that Hill's attorney (Green) be compelled to testify as to the statements made to him by the defendant, claiming that the attorney-client privilege existing between Green and Hill was waived by Green's disclosures to Pierce.

At the hearing held on the motion Green refused to answer questions regarding Hill's statements to him invoking attorney-client privilege. Hill was never called as a witness. (At the time his appeal of his conviction was pending). Nor did the Commonwealth offer Hill immunity from prosecution on perjury charges although the court suggested that the Commonwealth should do it. The court, apparently miffed by the Commonwealth's refusal to grant Hill immunity and having no authority to grant immunity sua sponte or on defendant's motion (see *42 Pa.C.S.A. 5947*), then granted the defendant a new trial on the basis of after-discovered evidence. The Commonwealth then took this appeal.[1]

A new trial in a criminal case will be awarded on the ground of after-discovered evidence when the evidence in question: (1) has been discovered after the trial and could not have been obtained at the trial or prior to the conclusion thereof by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely for impeaching the credibility of a witness; and (4) is of such nature and character that a different verdict will likely result if a new trial is granted. *Commonwealth v. Coleman*, 438 Pa. 373, 264 A.2d 649 (1970).

■ Recanting testimony is extremely unreliable, especially when it involves an admission of perjury. *Commonwealth v. Mosteller*, 446 Pa. 83, 284 A.2d 786 (1971).

1. One other witness, a David Marshall Parker, testified at the hearing that James Lark, the guest at the party who testified as to defendant's admissions to him after the shooting, later told Parker that Lark didn't see who did the shooting. This testimony is not grounds for a new trial because Lark did not testify that he saw defendant do the shooting. He merely testified as to defendant's admissions to him.

■ Defendant's claim centers on allegedly exculpatory testimony of a co-participant in the event which was unavailable at the time of defendant's trial. To be eligible for relief defendant must show that the proffered testimony was unavailable at the time of the trial and that it has subsequently become available and that it would have affected the outcome of the trial had it been introduced. *Commonwealth v. Sanabria*, 487 Pa. 507, 410 A.2d 727 (1980).

■ In our case the granting of a new trial to defendant was not based upon after-discovered evidence which involved perjurious testimony. Rather it was based upon a *lack of* after-discovered evidence which would be perjurious in nature *if it could have been produced.* It was error to grant defendant a new trial upon such spurious grounds.

Not only was the witnesses' proposed testimony not available at the time of trial, it was not available at the post-trial proceedings, and is not available now. Simply stated, the court below granted the defendant a new trial on the grounds of after-discovered evidence which did not exist, reasoning that if it did exist then defendant would be entitled to a new trial. This was error.

Accordingly we reverse the decision of the court below and re-instate the original verdict.

Reversed and verdict re-instated.